**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4655
_____

CHANG Y. ZOU, A/K/A CHANG YAO ZOU,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A073-184-483)
Immigration Judge: Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 4, 2011

Before:  FUENTES, VANASKIE and NYGAARD, Circuit Judges

(Opinion filed: January 05, 2011)
_____

OPINION
_____

PER CURIAM

Chang Yao Zou ("Zou") petitions for review of the Board of Immigration Appeals' final order of removal. For the reasons that follow, we will deny the petition for review.

Zou, a native and citizen of China, entered the United States without inspection in 1993 and applied for asylum, withholding of removal, and for protection under the Convention Against Torture on November 3, 1993. Removal proceedings were initiated on July 24, 1998, when the former Immigration & Naturalization Service filed a Notice to Appear, charging that Zou was present in the United States without being admitted or paroled, 8 U.S.C. § 1182(a)(6)(A)(i). Zou conceded the charges and withdrew his applications for asylum and withholding of removal. His CAT application was denied by the Immigration Judge following a merits hearing on March 21, 2006, and the Board of Immigration Appeals affirmed in a decision dated July 19, 2007. Zou did not petition for review of this decision.

Zou then filed a timely motion to reopen or reconsider, arguing ineffective assistance of counsel. Zou claimed that counsel was ineffective for failing to prosecute an asylee relative petition, Form I-730, on his behalf. The Board denied the motion in a decision dated October 26, 2007, because, among other things, there was no evidence that Zou was in fact eligible for asylee relative status or any other form of relief from removal. Zou did not petition for review of this decision.

At issue now, on July 6, 2009, Zou filed a second motion to reopen with the Board, seeking asylum based on China's population control policies, changed country conditions since his hearing in 2006, and the birth of his two children, a girl in 1999 and a

boy in 2002. Relying on documentary evidence and recent contacts with his family and friends in China, Zou contended that forced abortions and involuntary sterilization are on the rise, and he feared he would be sterilized and fined if he returns to his home in Fujian Province, China.[1] Zou also submitted a personal letter from his friend, YuYu Zou, and copies of his friend's sterilization certificate and receipt for a fine. A.R. 83, 89.

In a decision dated November 24, 2009, the Board denied the motion to reopen. It explained that an alien ordinarily may file only one motion to reopen, which, with certain exceptions, must be filed within 90 days of the final administrative order, 8 C.F.R. § 1003.2(c)(2). The Board acknowledged that there is no limit on the timing or number of motions to reopen asylum applications on the basis of changed country conditions if the evidence in support of such a motion is material, was unavailable, and could not have been discovered or presented at the previous proceeding, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The Board then concluded that Zou did not qualify for this exception. Many of Zou's documents existed at the time of his removal hearing in March, 2006. Many of his other documents had been thoroughly considered and rejected in Matter of J-W-S-, 24 I. & N. Dec. 185 (BIA 2007), Matter of S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007), and Matter of J-H-S-, 24 I. & N. Dec. 196 (BIA 2007), for example.

---

[1] To qualify for asylum or withholding of removal, an applicant must establish that he has a well-founded fear that he will be persecuted if removed to his home country on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42), 1158(b), 1231(b)(3). "[A] person who has a well founded fear that he or she will be forced to [abort a pregnancy or undergo involuntary sterilization] or [is] subject to persecution for [failure, refusal, or resistance to undergo such a procedure] shall be deemed to have a well founded fear of persecution on account of political opinion." 8 U.S.C. § 1101(a)(42)(B).

Several other documents, including the Population and Family Planning Regulation of Fujian Province, reflected that China would regard Zou's children as Chinese nationals, but did not also state that parents like Zou face involuntary sterilization in China. The 2007 State Department Country Report states that Chinese law prohibits the use of physical coercion to compel persons to submit to abortion or sterilization. China relies instead on economic incentives and economic coercive measures, and Zou did not show that he would be subject to economic harm amounting to persecution. Accordingly, Zou's evidence did not show a material change in country conditions in China and specifically Fujian Province. Thus he did not qualify for the exception to the time and number limits on filing motions to reopen. The Board declined to exercise its *sua sponte* authority to reopen proceedings.

Zou timely petitioned for review. In his brief, Zou contends that the Board abused its discretion in denying his motion to reopen because his evidence was previously unobtainable and material to his claim, and that the Board erred when it failed to consider whether he established a prima facie claim for asylum.

We will deny the petition for review. We have jurisdiction under 8 U.S.C. § 1252(a)(1), (b)(1). We review the Board's denial of a motion to reopen for abuse of discretion. Immigration & Naturalization Serv. v. Doherty, 502 U.S. 314, 323 (1992). Under this deferential standard of review, we will not disturb the Board's decision unless it is arbitrary, irrational, or contrary to the law. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). "A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits

4

or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

The "motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened," id. at 1003.2(c)(2), except that the time limitation does not apply where the alien seeks to "apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," id. at 1003.2(c)(3)(ii).

Because Zou's motion to reopen was not filed within the required 90 days, it had to be based on changed country conditions in China with respect to the Chinese government's enforcement of its population control policies. We conclude that the Board did not abuse its discretion in denying his untimely motion to reopen because Zou did not make the required showing. Under the standards we set forth in Zheng v. Att'y Gen. of U.S., 549 F.3d 260 (3d Cir. 2008), the Board must explicitly consider any country conditions evidence that materially bears on an applicant's claim, see id. at 268. In Zou's case, the Board relied on Zheng and noted specifically, by title, numerous items offered in support of Zou's claims. The Board also referenced unspecified "research papers, media reports, and copies of reports, affidavits, identity documents, health records, sterilization certificates, medical reports, and fee notices in unrelated asylum cases." See

5

Decision of Board of Immigration Appeals, 11/24/09, at 2. Here, the Board fully considered Zou's evidence and he does not contend otherwise. In addition, the Board reasonably concluded that many of the documents offered by Zou pre-dated his March, 2006 merits hearing and thus did not qualify as evidence that was not available, and could not have been discovered or presented at the previous hearing, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). See Respondent's Brief, at 16 (setting forth examples of material that was previously available).

In evaluating Zou's documentary evidence, the Board relied to a large extent on its prior evaluation of identical or similar evidence of alleged Chinese coercive population measures, as reported in Matter of S-Y-G-, 24 I. & N. Dec. 247, and Matter of J-W-S-, 24 I. & N. Dec. 185. This too was reasonable. Matter of S-Y-G- held that, despite claims by the petitioners of an official policy of sterilization after the birth of two children, the State Department was not aware of such a policy at either the national or provincial level. Matter of J-W-S- held that the evidence of record did not demonstrate that the Chinese government has a national policy of requiring forced sterilization of a parent who returns with a second child born outside of China, or that Fujian Province officials in particular were especially likely to punish returning Chinese nationals with "unauthorized" children born abroad.

Zou's documentary evidence is indeed identical or similar to evidence the Board, and even this Court, has previously considered and found lacking. We held in Liu v. Att'y Gen. of U.S., 555 F.3d 145 (3d Cir. 2009), that a Chinese national did not demonstrate changed country circumstances as required to excuse the late filing of

6

motion to reopen, because the alien failed to show that Chinese "returnees" were subjected to forced sterilization after giving birth abroad, id. at 148-50. In Zou's case, the Board completed a full analysis of the evidence and arrived at the conclusion that the evidence did not establish that forcible sterilization is mandated in Fujian Province after the birth of a second United States citizen child. As the Board noted, the 2007 Country Report states that Chinese law prohibits the use of physical coercion to compel persons to submit to abortion or sterilization, and relies instead on economic incentives and economic coercive measures. Furthermore, none of the materials relied upon by Zou in his brief, see Petitioner's Brief, at 10, states that returning Chinese nationals with two children born abroad will be forcibly sterilized.

Zou's individualized evidence also did not establish a material change. Zou submitted with his motion to reopen an affidavit from his friend, YuYu Zou, in which YuYu Zou stated that his first child was a boy, and he and his wife went on to have a second child. A.R. 83. If a Chinese couple's first child is a boy, the couple is not allowed to have a second child, see id., and so he was forced to undergo sterilization on July 15, 2008, see id. Moreover, he was fined. The affidavit was not authenticated and thus may not be entitled to much weight, see Chen v. Gonzales, 434 F.3d 212, 219-20 & n.9 (3d Cir. 2005). In any event, we note that Chang Yao Zou is not similarly situated to his friend, YuYu Zou. His first born child is a girl and YuYu Zou specifically stated in his affidavit that the policy that caused him a problem was directed at couples whose first child was a boy. Moreover, the affidavit does not address the treatment of Chinese nationals returning from abroad.

7

Accordingly, the Board did not abuse its discretion in concluding that Zou's evidence was insufficient to establish changed country conditions in China so as to create an exception to the time limitation for filing a motion to reopen, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).  Thus, the Board was not required to determine whether the evidence Zou submitted with his second motion to reopen demonstrated a prima facie case for asylum.  There are at least three independent grounds on which the Board might rely in denying a motion to reopen, see Immigration & Naturalization Serv. v. Abudu, 485 U.S. 94, 104-05 (1988), and it thus was sufficient that the Board denied Zou's motion on the ground that he failed to introduce previously unavailable, material evidence of changed country conditions that justified reopening. The Board was not required to discuss whether his evidence established a prima facie case for the relief sought.

For the foregoing reasons, we will deny the petition for review.